**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| COURTNEY RICHMOND, | Case No. 14-CV-1798 (PJS/TNL) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| CITY OF MINNEAPOLIS and CARVER COUNTY, | |
| Defendants. | |

---

Courtney Richmond, pro se.

This matter is before the undersigned United States Magistrate Judge on Plaintiff Courtney Richmond's application for leave to proceed *in forma pauperis* ("IFP"). *See* 28 U.S.C. § 1915(a)(1). Because Richmond's complaint fails to state a claim on which relief may be granted, this Court recommends that Richmond's IFP application be denied and that this case be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.*

---

[1] This Court notes that Richmond has requested "more time to create the framework for the cause of action . . . ." *See* ECF No. 4 at 1. That request was filed nearly two months ago; since that time, Richmond has not filed an amended complaint or otherwise set forth facts showing that he is entitled to relief.

at 570.  In assessing the sufficiency of the complaint, the Court may disregard legal conclusions that are couched as factual allegations.  *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced.  *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Richmond purports to bring a claim against the City of Minneapolis and Carver County under 18 U.S.C. § 242 for deprivation of rights under color of law.  Section 242 is a criminal statute, however, and there is no private right of action under that statute.  *See Shahin v. Darling*, 606 F. Supp. 2d 525, 538 (D. Del. 2009).  Accordingly, any claim brought by Richmond under § 242 must fail at the outset.

That said, it is possible that Richmond intended to bring his claims against Minneapolis and Carver County under 42 U.S.C. § 1983, which is the civil analogue of § 242.  *See Taravella v. Town of Wolcott*, 599 F.3d 129, 140 n.5 (2d Cir. 2010).  Nevertheless, Richmond's complaint still fails to state a plausible cause of action.  First, Richmond has not presented his allegations in complete and coherent sentences, making it is almost impossible to ascertain what exactly he is attempting to allege.  Second, it is not obvious what connection the Defendants have to each other; for example, it is unclear why Carver County would have any responsibility for actions undertaken by Minneapolis police.  Third, it appears that at least some aspects of Richmond's case are directed at an unnamed Carver County judge who presided over a criminal matter involving Richmond.  That judge would be entitled to absolute immunity for any actions undertaken in the course of his or her judicial duties.  *See, e.g.*, *Holbach v. McLees*, 366 Fed. Appx. 703, 703-04 (8th Cir. 2010) (per curiam).  Fourth, the remainder of Richmond's complaint concerns activities by Minneapolis police that occurred in February 2006.  *See* Compl.

at 4 [ECF No. 1]. Those aspects of Richmond's claims thus appear to be squarely foreclosed by the statute of limitations. *See Anunka v. City of Burnsville*, 534 Fed. Appx. 575, 576 (8th Cir. 2013) (per curiam) (noting that "in Minnesota, § 1983 claims are governed by six-year limitations period under Minnesota's personal-injury statute").

Accordingly, this Court concludes that, even with the liberal construction that is required in pro se cases, Richmond's complaint fails to state a claim on which relief can be granted. Because Richmond's complaint fails to state an actionable claim for relief, his IFP application should be denied, and this case should be summarily dismissed under § 1915(e)(2)(B)(ii).

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff Courtney Richmond's application to proceed *in forma pauperis* [ECF No. 2] be **DENIED**.

2. The complaint [ECF No. 1] be **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: August  22 , 2014                              *s/ Tony N. Leung*
                                                     Tony N. Leung
                                                     United States Magistrate Judge

                                                     *Richmond v. City of Minneapolis et al.*
                                                     Case No. 14-CV-1798 (PJS/TNL)

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **September 8, 2014**. A party may respond to the objections within fourteen days after service thereof. Any objections or responses shall not exceed 3,500 words. The District Judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made. The party making the objections must timely order and file the transcript of the hearing unless the parties stipulate that the District Judge is not required to review a transcript or the District Judge directs otherwise.